UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE MICKELL, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-1429 |
| v. | : | (JUDGE MANNION) |
| BRIAN M. ROCK, Probation Office, GENE RICCARDO, District Attorney's Office, JUDGE MARGARET BISIGNANI MOYLE, and LACKAWANNA COUNTY, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the plaintiff's action be dismissed for failure to prosecute. (Doc. 19). A copy of the report was sent to the plaintiff at his last known address, but was returned to the court with a notation that the plaintiff moved and left no forwarding address. (Doc. 20). Upon review of the record in this case, the court will adopt the report of Judge Schwab and dismiss the plaintiff's action for failure to prosecute.

By way of relevant background, on May 28, 2013, the plaintiff, then an inmate at the Lackawanna County Prison, filed the instant action pursuant to 42 U.S.C. §1983. (Doc. 1). After being directed to do so, (Doc. 4), on June 17,

2013, the plaintiff filed an application to proceed *in forma pauperis*, (Doc. 7), and prisoner authorization form, (Doc. 8). A docket annotation dated June 17, 2013, indicates that a financial administrative order was not issued directing the Lackawanna County Prison to deduct the filing fee from the plaintiff's inmate account because the plaintiff had been released from custody. On June 18, 2013, an amended administrative order was issued directing the plaintiff to either pay the filing fee or file the appropriate application to proceed *in forma pauperis* for a non-inmate. (Doc. 9). The plaintiff filed a letter on July 29, 2013, which indicated that he was still incarcerated at the Lackawanna County Prison. (Doc. 10). As a result, on August 13, 2013, a financial administrative order was issued directing the Prison Superintendent/Warden to deduct the appropriate monies from the plaintiff's inmate account. (Doc. 12).

Although still incarcerated, apparently following the directives of the amended administrative order, on September 11, 2013, the plaintiff filed an application to proceed *in forma pauperis* for a non-inmate. (Doc. 13). By order dated the same day, Judge Schwab granted the plaintiff's motion to proceed *in forma pauperis*, but indicated that, pursuant to 28 U.S.C. §1915(b), the plaintiff would not be relieved of paying the filing fee given his continued detention. (Doc. 14). The plaintiff was advised that, if he was released from

prison, he could re-file a motion to proceed *in forma pauperis* on the form used for non-prisoners and be relieved from paying the filing fee in accordance with §1915(a). Per his request, (Doc. 5), Judge Schwab also granted the plaintiff's motion to file an amended complaint and directed that the amended complaint be filed on or before October 11, 2013, (Doc. 14).

On December 3, 2014, when no amended complaint was filed by the plaintiff, Judge Schwab issued an order to show cause directing that the plaintiff immediately advise the court of any change in his address and whether he intended on filing an amended complaint. (Doc. 15). The plaintiff was directed to respond on or before December 30, 2014, and was advised that his failure to do so would result in a recommendation that his action be dismissed for failure to prosecute. On December 11, 2014, the court's order was returned as being undeliverable because the plaintiff had been released from incarceration. (Doc. 16).

A change of address was docketed for the plaintiff on February 25, 2015, reflecting an address which the plaintiff had referenced in a previous filing. On February 26, 2015, Judge Schwab issued another order to the plaintiff directing that he immediately advise the court of any change in address and whether he still intended on filing an amended complaint. (Doc. 17). The plaintiff was directed to respond on or before March 1, 2015, and

was advised that his failure to do so would result in a recommendation that his action be dismissed for failure to prosecute. On March 3, 2015, the court's order was returned with a notation that the plaintiff had moved and left no forwarding address. (Doc. 18). As a result, on March 18, 2015, Judge Schwab issued the report currently before the court recommending that the plaintiff's action be dismissed for his failure to prosecute. (Doc. 19). The report was forwarded to the plaintiff at his last known address, but was again returned with a notation that the plaintiff had moved and left no forwarding address. (Doc. 20).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Under Fed.R.Civ.P. 41(b), an action may be dismissed for "failure of the plaintiff to *prosecute* or

comply with these rules or *order of the court*." (Emphasis added).

The court agrees with Judge Schwab that plaintiff has willfully failed to prosecute his claims, and that the consequences of this failure were made abundantly clear to him on several occasions. Since plaintiff clearly abandoned his case, the typically applicable *Poulis* factors need not be considered. *See* Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).

The court has reviewed the recommendation of Judge Schwab for dismissing plaintiff's complaint. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusion in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

                                               s/ *Malachy E. Mannion*
                                               **MALACHY E. MANNION**
                                               **United States District Judge**

**Date:  June 16, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1429-01.wpd